**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV-P723-H**

**JEFFREY T. MCKENNA** *et al.* **PLAINTIFFS**

**v.**

**LOUIS LAWSON** *et al.* **DEFENDANTS**

**MEMORANDUM OPINION**

Three state prisoners--Jeffrey T. McKenna,[1] William E. Neal, and Joseph K. Rawlings-- filed the instant *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiffs sue the following five Defendants in their individual and official capacities: Hardin County Detention Center ("HCDC") Jailer Louis Lawson; HCDC Class D Program Administrator Theresa Bailey; HCDC Jail Investigator Sherman Tebeault; HCDC Administrative Captain Allen New; and Nurse Tisha, R.N. MTA, at the HCDC in conjunction with Southern Health Partners, Inc.

Because Plaintiffs are proceeding *in forma pauperis*, this Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). Upon review, this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In the instant case, the Court will dismiss McKenna's retaliation claim and allow McKenna, Neal, and Rawlings' equal protection claim to proceed.

---

[1] Since filing the complaint, Plaintiff McKenna has been released from incarceration (DN 12).

*Allegations*

Plaintiffs claim that Hardin County Detention Center discriminates against state prisoners housed in its jail under the Department of Corrections contractual agreement with the county. They allege that "the Department of Corrections who is in charge with the care of all state prisoners has enormous fees and payment plans in place for all medical, dental, or psychological care of state inmates regardless of housing location." According to Plaintiffs, however, Hardin County along with Southern Health Partners, Inc., "have set-up a collection method via the removal of funds from inmate canteen accounts for medical, dental, or psychological care at a rate far above what the Department of Corrections charges state prisoners housed in its institutions across the state." Plaintiffs report that Defendant Tebeault said that "'Hardin County De[]tention Center was a profit making facility.'"

Plaintiff McKenna further alleges that after he complained, by way of the grievance process, the HCDC "Administration" retaliated by transferring him to Fulton County Detention Center.

Plaintiffs seek monetary and punitive damages and an injunction directing Defendants to stop all medical deductions from inmate accounts.

*Analysis*

### *McKenna's retaliation claim*

Retaliation for the exercise of a constitutional right is itself a violation of the Constitution actionable under § 1983. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). "In a retaliation claim . . . the harm suffered is the adverse consequences which flow from the inmate's constitutionally protected action. Instead of being *denied* access to the courts, the prisoner is penalized for actually exercising that right." *Id.* (emphasis in original).

2

> A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two–that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Id.*

While McKenna engaged in protected conduct in utilizing the grievance procedure, *see Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000) ("An inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf."), the transfer to Fulton County was not an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct. *Siggers-El v. Barlow*, 412 F.3d 693, 701 (6th Cir. 2005) ("Since prisoners are expected to endure more than the average citizen, and since transfers are common among prisons, ordinarily a transfer would not deter a prisoner of ordinary firmness from continuing to engage in protected conduct.") (citing *Smith v. Yarrow*, 78 F. App'x 529, 543-44 (6th Cir. 2003) (collecting cases)). Plaintiff McKenna wholly fails to allege that he suffered any "foreseeable consequences [as a result of he transfer] that inhibited [his] ability to access the courts." *Siggers-El*, 412 F.3d at 702; *Friedmann v. Corr. Corp. of Am.*, 11 Fed. App'x 467, 471 (6th Cir. 2001) ("[A] mere transfer to another institution of the same security level, with no other aggravating factors, is not sufficiently adverse to deter a person or ordinary firmness from engaging in the exercise of protected First Amendment activity."). McKenna has, therefore, failed to allege an adverse action which rises to the level of a cognizable constitutional claim. *See Ingraham v. Wright*, 430 U.S. 651, 674 ("There is, of course a de minimus level of imposition with which the Constitution is not concerned."). Accordingly, the retaliation claim will be dismissed.

### *Remaining claim*

The Court will allow Plaintiffs' claim that Hardin County and Southern Health Partners are overcharging state inmates for medical, dental and psychological care to proceed against all Defendants. In permitting this claim to proceed, the Court passes no judgment on the ultimate outcome of the action.

The Court will enter a separate Scheduling Order governing the development of the remaining claims and will enter a separate Order dismissing the retaliation claim.

Date:

cc: Plaintiffs, *pro se*
      Defendants
      Hardin County Attorney
4412.005